Dear Representative Hudson:
This office is in receipt of your request on behalf of Opelousas General Hospital and Columbia Doctor's Hospital of Opelousas for an opinion concerning whether either hospital qualifies as a rural hospital under the Rural Hospital Preservation Act.
The Louisiana State Legislature enacted LSA-R.S. 40:1300.141 et seq. by Acts 1997, No. 1485, § 1, creating the Rural Hospital Preservation Act in order to assure the continued viability of rural hospitals. LSA-R.S. 40:1300.142(B).
LSA-R.S. 40:1300.143 (3) (a-b) defines "rural hospital" as follows:
 (3) (a) "Rural hospital" means a hospital licensed by the department which meets one of the following criteria:
 (I) Has no more than sixty hospital beds as of July 1, 1994, and: (aa) is located in a parish with a population of less than fifty thousand; or (bb) is located in a municipality with a population of less than twenty thousand.
 (ii) Meets the qualifications of a sole community hospital under 42 C.F.R. § 412.92(a).
 (b) "Rural hospital" does not mean a long-term care hospital, a rehabilitation hospital, or a free-standing psychiatric hospital.
Accordingly, the statute provides that a hospital must meet one of either two criteria for it to be classified as a "rural hospital" for purposes of the Rural Hospital Preservation Act. First, the hospital could have no more than sixty (60) beds as of July 1, 1994 and either be located in a parish with a population of less than fifty thousand or be located in a municipality with a population of less than twenty thousand. The second criteria for classification is if the hospital meets the qualifications of a sole community hospital under 42 C.F.R. § 412.92(a). In addition, the statute expressly states that a long-term care hospital, a rehabilitation hospital, or a free-standing psychiatric hospital are not included in the definition of "rural hospital."
We first apply these rules with respect to Opelousas General Hospital. According to the Accounting Office at Opelousas General Hospital, the hospital had one hundred ninety-three (193) beds as of July 1, 1994 which exceeds the statutory limitation of sixty (60) beds, thus it fails to meet the first criteria of LSA-R.S.40:1300.143(3) (a). Opelousas General Hospital informed us that it has not sought to be classified as a sole community hospital under 42 C.F.R. § 412.92(a), thus it also fails to meet the second criteria of the statute. Based on the above circumstances, it is the opinion of this office that Opelousas General Hospital does not qualify as a rural hospital under the Rural Hospital Preservation Act.
With respect to Columbia Doctor's Hospital of Opelousas, it informed this office that it had one hundred thirty-three (133) beds as of July 1, 1994 which exceeds the statutory limitation of sixty (60) beds, thus it also fails to meet the first criteria of LSA-R.S. 40:1300.143(3) (a). Doctor's Hospital of Opelousas informed us that it has not sought to be classified as a sole community hospital under 42 C.F.R. § 412.92(a), thus it fails to meet the second criteria of the statute. Based on the above circumstances, it is the opinion of thus office that Columbia Doctor's Hospital of Opelousas does not qualify as a rural hospital under the Rural Hospital Preservation Act.
We hope that the foregoing information sufficiently answers your question. Should you have any further concerns, please feel free to contact this office.
Very truly yours:
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ EMORY A. BELTON, JR. ASSISTANT ATTORNEY GENERAL
RPI/EAB/tp